COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-304-CR

NO.
2-05-305-CR

 

 

DAVID LEE WHEELER                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant David Lee Wheeler
pled guilty to the possession of chemicals with intent to manufacture a
controlled substance and the possession of a controlled substance.  He also pled true to an enhancement paragraph
in each case.  After a jury trial on
punishment, the jury assessed his sentence in each case at seventy-five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In one point,
Appellant contends that the trial court abused its discretion by denying his motions
for new trial based on jury misconduct. 
Because we hold that the trial court did not abuse its discretion, we
affirm the trial court=s judgments.

The record shows that during
deliberations, the jury sent the trial judge two notes:

Judge, is there any
difference between 99 years and life as to time served and good behavior for
parole?  Or what is [A]life[@] considered in years?

and

Judge,
can you explain the technical difference between 99 and life?

 

In response to the first
note, the trial judge responded that the law did not allow him to answer the
questions and referred the jury to the jury charge on punishment.  In response to the second note, the trial
judge responded that the law did not allow him to answer the question.  Appellant did not complain below, nor does he
complain on appeal, about the jury charge or the trial judge=s responses to the jury questions. 
Appellant argued in his motions for new trial, which were denied by
operation of law, and now argues on appeal that the jury=s improper consideration of parole and good time tainted the jury
deliberations in these cases.








In a similar case, the Texas
Court of Criminal Appeals explained,

We generally presume the jury follows the trial
court's instructions in the manner presented. 
The presumption is rebuttable, but appellant has pointed to no evidence
in rebuttal.  Appellant did not file a
motion for new trial alleging juror misconduct or obtain a hearing to adduce
facts not in the record.  As such, the
only evidence that the jury considered parole is the jury note.  Even if the note constitutes evidence the
jury discussed parole at a preliminary point, we presume they followed the
court's instructions and thereafter did not consider it in reaching their
verdict.[2]

 

While Appellant in the cases
before us did file motions for new trial alleging juror misconduct, the
affidavit attached to each motion for new trial did not address this issue, nor
did Appellant obtain a hearing on the motions so that he might adduce
additional facts.  Consequently, the only
evidence we have that the jury considered parole is the two notes.  While the two notes are evidence that the
jury discussed parole at an earlier point during their deliberations, we
presume that the jury followed the court=s instructions and did not consider parole in reaching the verdicts.[3]  We further note that the jury sentenced
Appellant neither to life nor to ninety-nine years but to the lesser sentence
of seventy-five years.








Accordingly, we hold that the
trial court did not abuse its discretion by denying Appellant=s motions for new trial.  We
overrule Appellant=s sole point
and affirm the trial court=s judgments.

PER CURIAM

PANEL F:    DAUPHINOT,
LIVINGSTON, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
July 13, 2006











[1]See Tex. R.
App. P. 47.4.





[2]Colburn
v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).





[3]See id.